UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

EVANSTON INSURANCE COMPANY,                    Civil Action No.

                Plaintiff,

   - against -                                   **COMPLAINT AND**
                                               **JURY DEMAND**
DIRTMAN ENTERPRISES, INC., and
ANTHONY ADINOLFI, and AMERICAN                 **ROBINSON**
STATES INSURANCE COMPANY

             Defendant.                    **07 CIV. 5740**

------------------------------------------------------------x

Plaintiff, Evanston Insurance Company ("EIC"), by and through its attorneys, Morgan Melhuish Abrutyn, 39 Broadway, New York, New York 10006, by way of complaint against the defendants, Dirtman Enterprises, Inc., and Anthony Adinolfi, respectfully shows:

I. **Jurisdiction and Venue**

    1.    The United States District Court has original jurisdiction over the subject matter of this action under 28 USC §1332(a) in that it is an action wherein the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs and the plaintiff and defendants are citizens of different states.

    2.    At all times hereinafter mentioned, EIC is a corporation of the State of Illinois with its principal place of business located at 10 Parkway North, City of Deerfield, State of Illinois and was and is a citizen of Illinois.

3.    At all times hereinafter mentioned, Dirtman Enterprises, Inc., (Dirtman), is a corporation incorporated in the State of New York with its principal place of business located at 108 Eton Downs, City of Cortland Manor, State of New York, and was and is a citizen of the State of New York.

4.    At all times hereinafter mentioned, Anthony Adinolfi is a resident of the State of New York with his place of abode being located at 46 Kaitlin Drive, City of Mahopac, State of New York, and was and is a citizen of the State of New York.

5.    At all times mentioned, defendant, American State Insurance Company (ASI), is a corporation of the State of Indiana, with its principal place of business located at Safeco Plaza, J-16, City of Seattle, State of Washington, and was and is a citizen of Indiana and Washington.

6.    Venue is correct under 28 USC §1391 insofar as said defendants reside in this District and/or have their principal place of business is in this District.

7.    This Court has jurisdiction over defendants, Dirtman, Adinolfi and ASI because, among other reasons, they do business in this District and have contracted for insurance coverage arising in this District.

## II.    **The Underlying Action**

8.    The Eastchester Union Free School District commenced an action in the matter of <u>Eastchester Union Free School District v. Dirtman Enterprises, Inc., et. al</u>, Supreme Court of New York, Westchester County, Index No. 1117/05 ("Litigation Matter").

9.    The "Statement of Facts" of said action alleges that on October 26, 2002, Dirtman entered into a written contract with the Eastchester Union Free School District, (EUSD) to provide fill-dirt, topsoil, and sod, along with an irrigation system to construct a sports field for the EUSD. The "Statement of Facts" further alleges that in return, the EUSD permitted Dirtman to dump "DEC certified" fill-dirt at the site.

10.    The "Statement of Facts" further alleges that Dirtman Enterprises, Inc., dumped non-certified fill material at the site in violation of the agreement, that the fill material contained improper construction and demolition debris, and that the fill dirt deposited was not properly graded so as to cause erosion, soil runoff, and "environmental concerns."

11.    The Litigation Matter seeks damages as against Dirtman and Anthony Adinolfi, for the costs of the evaluation the environmental impact, if any, of the deposited construction and demolition debris, the costs associated with the correcting of the fill material grading, and the completion of the sports field project.

12.    On October 7, 2005, the plaintiff EIC, received notice of the lawsuit on behalf of Dirtman and Adinolfi.

### III.    The Insurance Policy Issued by plaintiff, EIC

13.    EIC issued "Contractors Pollution Liability Coverage Form No. 02CPLC00068 for the policy period of March 21, 2002 to March 21, 2004 to the named insured, Dirtman Enterprises, Inc. The policy issued by EIC contained the following pertinent terms, conditions and exclusions:

## SECTION 1 – COVERAGES

### Coverage A.  Contractor's Pollution Liability

1.       **Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking dames to which this insurance does not apply.  We may, at our discretion, investigate any "pollution condition" and settle any "claim" or "suit" that may result.  But:

(1)    The amount we will pay for damages is limited as described in Limits of Insurance and Deductible (Section III); and

(2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments, settlements or supplementary payments under Coverage A.

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" resulting in a "pollution condition" arising out of "your work" performed, or "your product" delivered; and

(2)    "Your work" is performed, or "your product" is delivered after the retroactive Date, if any, shown in the Declarations and before the end of the policy period; and

(3)    a "claim" is first made against you, in accordance with paragraph c. below, during the policy period or any Extended Reporting Period.

c.    A "claim" by a person or organization seeking damages will be deemed to have been made at the earlier time when:

(1)    written notice of such "claim" is received by you or by us, whichever comes first; or

(2)    we settle in accordance with paragraph 1.a above.

Any "claim" for damages to the same person, including damages claimed by any person or organization for care, loss of services or death resulting at any time, will be deemed to have been made at the time the first of those "claims" is made against any insured.

## 2. Exclusions

This Insurance does not apply to:

a.    Expected or Intended Injury

"bodily injury:" or "property damage" expected or intended from the standpoint of the insured; or

b.    Executive Officer

"bodily injury" or "property damage" arising from your services and/or capacity as an "executive officer", director, partner, trustee or "employee" of a business enterprise not named in the Declarations; or

d.    Intentional Acts

"bodily injury" or "property damage" arising out of your intentional, willful or deliberate non-compliance with any statute, regulation, ordinance, administrative complaint, notice of violation, notice letter, executive order or instruction of any governmental or public agency or body either before or after policy inception; or

f.    Fines and Penalties

punitive damages, exemplary damages, multiplied damages, fines or penalties; or

g.    Professional Services

"property damage" arising out of the rendering of or failure to render professional services by you or any contractor or subcontractor working on your behalf, including the preparation or approval of maps, drawings, opinions, reports, surveys, designs, specifications, or engineering services....

h.    Damage to Your Work

"Property damage" to "your work" and included in the "products-completed operations hazard"

i.    Impaired Property

"property damage to "impaired property" or property that has not been physically injured arising out of:

1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work", or

2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

o.    Damage to Your Product

"property damage" to "your product" arising out of it or any part of it.

**Section VI Definitions**

8. "Impaired property" means tangible property, other than your product or your work, that cannot be used or is less useful because:

a) it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate, or dangerous, or

b) you have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by:

1) the repair, replacement, adjustment or removal of "your product" or "your work", or
2) your fulfilling the terms of the contract or agreement.

12. "Pollutants" means, but is not limited to, any solid, liquid, gaseous, thermal, biological or radioactive substance, material or matter, irritant contaminant including smoke, vapors, soot, fumes, acids, alkalis, chemicals, and waste."

13. "Pollution Condition" means the discharge, dispersal, seepage, migration, release or escape of "pollutants"

16. "Your Product" means :

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: 1) You...
b. Containers, materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

a) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
b) The providing of or failure to provide warnings or instructions.

17.    "Your Work" means: The following scheduled designated operations only:

a. Designated Operations: Operation maintenance, use, loading and unloading of brokered vehicles transporting soils.
b. materials, parts or equipment furnished in connection with such work or operations.

Furthermore, "your work" includes

1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
2) The providing of or failure to provide warnings or instructions.

## IV.   The Insurance Policy Issued By Defendant, AIS

14.    ASI issued policy number 01-CE 652760 entitled "Commercial Liability Coverage Part" to Adinolfi and Son Contracting" for the policy period 8/4/02 to 8/4/03 providing commercial liability coverage to said defendants.

## V.   The Reservation Of Rights Letter Dated 10/25/05 Issued By EIS To Defendants, Dirtman And Adinolfi

15.    EIS issued a certain reservation of rights letter on 10/25/05, the full terms, conditions and exclusions of which are incorporated herein by reference. Under the terms of that letter, EIS agreed to participate with codefendant, AIS, in the defense of the Litigation Matter (allocating cost at one-half per insurer) subject to a full reservation of rights of EIS to deny and disclaim coverage based on terms, conditions and exclusions of the policy.   In accordance with the aforementioned letter, EIS has contributed its share of the costs of defending the Litigation Matter on behalf of Dirtman and Adinolfi as of the filing of this Complaint.

## VI.   The Denial Letter Dated 6/12/07 Issued By EIS To Defendants, Dirtman and Adinolfi

16.    EIS issued a certain denial letter to Dirtman and Adinolfi, the full terms, conditions and exclusions of which are incorporated herein by reference. EIS denied and disclaimed all coverage to Dirtman and Adinolfi for the Litigation

Matter for the reasons set forth therein based on the terms, conditions and exclusions of the policy.

## **AS AND FOR THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS**

17.    Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth at length herein.

18.    The claims asserted as against Dirtman and Anthony Adinolfi in the Litigation Matter do not fall within the intendment of the insuring agreement of the Contractors Pollution Liability Coverage Form, in that the claimed damage did not arise out of an "occurrence" nor did it result in a "pollution condition" as those terms are defined in the policy.

19.    The claimed damages asserted as against Dirtman and Anthony Adinolfi in the Litigation Matter fall directly within the policy exclusions set forth herein.

20.    There is no coverage for Dirtman or Anthony Adinolfi under the policy issued by EIC and, therefore, there is no obligation for EIC to defend and indemnify Dirtman and Adinolfi for the Litigation Matter.

21.    There is an actual case in controversy between the parties requiring adjudication by the Court.

**WHEREFORE**, plaintiff demands that these questions be tried and that the following declarations be made:

(a)    That the claimed damages asserted as against Dirtman and Adinolfi do not fall within the intendment of the insuring

agreement of the EIC policy and there is no duty of EIS to indemnify or further defend;

(b)    That the claimed damages asserted as against Dirtman and Anthony Adinolfi fall within the exclusion set forth above and there is no duty of EIS to indemnify or further defend the aforementioned insurance policy of EIC;

(c)    That there is no coverage available to Dirtman and Anthony Adinolfi for the Litigation Matter as a result of the lack of an "occurrence", the lack of a "pollution condition," and the applicability of the aforementioned exclusions of the policy in issue;

(d)    EIC is not obligated to defend or indemnify Dirtman nor Adinolfi for the Litigation Matter;

(e)    For such other costs as the Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MORGAN MELHUISH ABRUTYN**

Dated:  June 12, 2007

BY: _____
     JOSEPH DeDONATO [JD 7319]
     39 Broadway, 35th Floor
     New York, New York 10006
     (212) 809-1111
     Attorneys for Plaintiff

#439825